DEREK COLES
9947 W. Emerald Street
Boise, Idaho 83704

Phone: 778-688-4715
Email: dc7gll@gmail.com

PLAINTIFF IN PRO SE

U.S. COURTS

JUN -7 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
DISTRICT of IDAHO – SOUTHERN DIVISION (BOISE)

DEREK M. COLES,

    PLAINTIFF,

vs.

GOOGLE INC., a Delaware corporation, YOUTUBE, LLC, a Delaware limited liability company, and DOES 1-25,

    DEFENDANTS.

Case No. 1:18-cv-256-BLW

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Trial Date: None Set

    Plaintiff, Derek Coles (Plaintiff), brings this complaint for damages and equitable relief against Defendants, YouTube, LLC (YouTube) and its parent company, Google, Inc. (Google), collectively referred to as Defendants.

**INTRODUCTION**

1. Plaintiff brings this lawsuit to stop Defendants from unlawfully censoring his educational/informational videos and discriminating against his right to freedom of speech for arbitrary and capricious reasons that are contrary to Defendants' own published Community Guidelines and Terms of Use. Defendants have been discriminating and censoring and continue to discriminate and censor educational and informational videos

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

1

uploaded or posted by Plaintiff to the YouTube platform by applying filters and restrictions to videos that purport to prevent access of "inappropriate" content to the public, by issuing unwarranted Community Guideline strikes against Plaintiff's videos, including videos that had already been deleted from Plaintiff's YouTube platform, by refusing to provide an explanation of why the videos were being "struck" despite Plaintiff's repeated requests for such an explanation and, finally, by terminating Plaintiff's YouTube account and prohibiting Plaintiff from accessing, possessing or creating any other YouTube accounts, all to Plaintiff's extreme financial detriment.

2. Defendants operate the largest world-wide forum for the general public to participate in video-based expression and exchange of speech.  Every day millions of members of the general public visit the YouTube platform and thousands of videos are uploaded to YouTube.  Defendants hold YouTube out as a forum intended to defend and protect free speech where members of the general public may express and exchange ideas but their treatment of Plaintiff and others similarly situated is completely contrary to those objectives.

3. YouTube's insistence that it does not allow on its platform "content that encourages or promotes violent or dangerous acts that have an inherent risk of serious physical harm or death" is noble but when YouTube strays from that lofty goal and discriminates against videos that do not contain such offensive content, it acts unfairly, unreasonably, arbitrarily and in violation of its own Community Guidelines, Terms of Use and the basic protections of freedom of speech.

4. For Defendants to unilaterally decide that Plaintiff's videos violated Defendants' Community Guidelines and to strike such videos for that reason without identifying anything about the video that would warrant such a strike should not be permitted and

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

2

Plaintiff should be allowed to reestablish his YouTube account and to post appropriate videos within the Community Guidelines YouTube has established. Further, to the extent YouTube believes that a video posted by Plaintiff or anything appearing in such a video is potentially objectionable and in violation of its Community Guidelines, Plaintiff should be given an opportunity to remove or revise the video to resolve the issue. Defendants should not be allowed to act unilaterally.

5.      Defendants' actions in striking Plaintiff's videos and then terminating his YouTube account is a clear violation of Plaintiff's fundamental rights to freedom of commercial speech, is a misleading and unfair business practice, and breaches the warranty of good faith and fair dealing implied in the agreement between Plaintiff and Defendants as defined in Defendants' Terms of Use and their Community Guidelines.

6.      Defendants use vague, overbroad, and subjective criteria, including the Terms of Use and Community Guidelines, to justify their censorship decisions. In so doing, Defendants impose restrictions on speech that lack objective criteria, are misleading, and/or are discriminatory and allow Defendants to censor speech based solely on Defendants' subjective (and unfounded) opinions.

7.      While Plaintiff does not dispute that Defendants may lawfully regulate or restrain speech in certain circumstances to the extent such restrictions are fair, reasonable and objective, Plaintiff asserts that Defendants may not do so at will without any restrictions or in an arbitrary or capricious manner that provides them with unbridled discretion to discriminate using such vague, broad and/or undefined criteria, such as the language reflected in the Terms of Use and Community Guidelines. Defendants' actions in striking Plaintiff's videos, as well as other similar videos, and then terminating Plaintiff's YouTube account were taken to eliminate videos and YouTube accounts that Defendants decided did

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

3

not measure up to Defendants' recent goal of promoting advertiser friendly posts. In short, these actions were taken for Defendants' financial benefit to the extreme financial detriment of Plaintiff and others similarly situated.

8. Defendants' motives in eliminating Plaintiff's YouTube account are clearly demonstrated by YouTube's refusal to provide Plaintiff with a reasonable, accurate and sensible explanation for the reason his videos were being struck and his account terminated. YouTube provided a boiler-plate response to each and every strike which was identical in each and every case and had no relationship to the content of the struck video other than stating the title of the video to be struck. These actions by YouTube were painfully arbitrary and dishonest. And, despite Plaintiff's efforts to obtain a fair and reasoned explanation for the elimination of his YouTube account, YouTube steadfastly refused to provide one.

9. Plaintiff's videos depict information about good health, exercise and general, overall well-being. The videos do not contain any profanity, nudity, or otherwise inappropriate "mature" content. They do not contain any content that would encourage or promote violent or dangerous acts. The censored videos Defendants struck which lead to Plaintiff's YouTube termination were either deleted by Plaintiff before being struck or were in full compliance with YouTube's Terms of Use and Community Guidelines. In fact, many of the censored videos appeared on Plaintiff's YouTube platform for several months/years prior to the implementation of YouTube's advertiser-friendly policy and were only censored when YouTube decided to enhance its own financial circumstance by generating advertiser revenue for itself while completely disregarding the rights and circumstances of Plaintiff together with thousands of individuals whose YouTube accounts have been arbitrarily and capriciously terminated.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

4

# PARTIES

10. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 9 above.

11. Plaintiff, Derek Coles, is resident of the City of Boise, State of Idaho and an individual who has had a YouTube account for several years. Plaintiff's YouTube channel, More Plates More Dates, has been the site for regular postings by Plaintiff of informational and educational videos concerning health, exercise and over-all well-being. Plaintiff was encouraged by Defendants to invest a significant amount of time into developing and building his YouTube channel. Plaintiff spent countless hours and money editing, preparing and posting nearly 200 videos on his YouTube channel and had a subscriber base of nearly 12,000 subscribers when his YouTube account was arbitrarily terminated by Defendants.

12. Defendant, YouTube, LLC is a limited liability company owned by Defendant, Google, Inc. and organized under the laws of the State of Delaware. YouTube operates the largest and most popular internet video viewer site, platform and service in the world and purports to be the largest and most important public forum for the expression of ideas and exchange of speech. YouTube promotes itself as one of the best forums for marketing products and services to potential customers. Plaintiff is informed and believes that at all relevant times, YouTube acted as an agent of Defendant Google, Inc. and uses, relies on, and participates with Defendant Google, Inc. in restricting speech on the YouTube site, platform and/or service.

13. Defendant, Google, Inc., is a corporation incorporated under the laws of the State of Delaware. Plaintiff is informed and believes that at all relevant times, Google, Inc. acted as

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
5

an agent of Defendant YouTube, LLC, and uses, relies on, and participates with Defendant YouTube, LLC in restricting speech on the YouTube site, platform and/or service.

14. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-25 are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the events and happenings referred to herein, and thereby proximately caused injuries and damages to Plaintiff as herein alleged.

15. Plaintiff is informed and believe and thereon alleges that each of the defendants was the agent and/or employee of each of the remaining defendants and at all times was acting within the purpose and scope of such agency and/or employment. Further, each of the defendants is the alter ego of every other defendant herein, such that each defendant in equity should be held responsible under law for the damages caused by every other defendant herein.

16. Plaintiff is informed and believes and thereon alleges that at all times defendants, and each of them, were authorized to ratify and approve and undertake the conduct of each of the other defendants as alleged herein.

## JURISDICTION AND VENUE

17. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 16 above.

18. This Court has jurisdiction over this matter because Defendants transacted business with Plaintiff and committed the acts complained of herein within the State of Idaho during the times referenced herein.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
6

19. This is a civil action and is subject to the jurisdiction of this Court based on the complete diversity of the parties (28 U.S.C. § 1332). The amount in controversy is more than $75,000 not including interest and costs. This Court may award Plaintiff declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 1983, 2201-02, Rule 65 of the Federal Rules of Civil Procedure, and this Court's inherent equitable jurisdiction. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims raised in this lawsuit occurred in this district.

## FACTS COMMON TO ALL CLAIMS

21. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 20 above.

22. Defendants control and regulate the world's largest forum in which the public may post and watch video-based content and information at no charge. This forum allows members of the public to connect, inform and inspire others and provides a platform for original content creators, viewers and advertisers.

23. YouTube holds itself out as a place "where everyone's voice can be heard" and it professes to give "people opportunities to share their voice and talent no matter where they are from or what their age or point of view." YouTube allows users to upload, view, rate, share, report, comment and subscribe to other users. YouTube content includes video clips, TV show clips, music videos, documentary films, audio recordings, video blogging, short original films, informational videos and educational videos.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

7

24. YouTube content can be "monetized" to provide revenue for the benefit of content creators such as Plaintiff. In Plaintiff's instance, he designed his video postings to detail his personal experiences, information and research in health, exercise and well-being. Along these lines, some of Plaintiff's videos depicted educational information related to Plaintiff's several-year interest in and research concerning Selective Androgen Receptor Modulators (SARMS) – substances that are unregulated and have not been approved by the FDA for human-consumption but are currently legal.

25. Plaintiff's strategy in designing his video content was to provide educational materials to the general public and to build a subscriber base. YouTube encouraged this undertaking and the strategy proved to be successful. As Plaintiff's following grew, his marketability as a content creator also grew and he started to receive sponsorship deals which provide financial benefits and affiliate marketing which enabled him to generate income by marketing to his subscribers the products and services of other companies.

26. However, advertising funds generated by the content creators, such as Plaintiff, had the potential of adversely affecting advertising revenue for YouTube which is targeted according to site content and audience. It has become clear that if a site is deemed not to be "advertiser friendly", YouTube will take steps to terminate the account even if the content does not violate YouTube's own specified Community Guidelines. It appears YouTube takes the position that it has unfettered discretion to censor and terminate any video content it deems to be inappropriate or not advertiser friendly, regardless of how subjective, baseless, arbitrary or unfair that assessment is. In taking this position, YouTube ignores the basic rights of content creators to speak freely without content-based restrictions and further ignores its own historical encouragement of a wide range of videos

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
8

concerning many different subject matters, including videos which may provide financial benefits to those posting the videos.

27. Contrary to their claims of giving a voice to everyone, YouTube actually imposes arbitrary regulations and censorship on speech which unreasonably and unfairly discriminates against public speakers if the topics are determined by YouTube to be unworthy or not advertiser-friendly.

28. Based on fundamental principles and protections of liberty and free speech, Plaintiff challenges Defendants' arbitrary and capricious authority to censor and regulate Plaintiff's speech and the speech of others similarly situated. Plaintiff has a fundamental right to speak and express his views to members of the public who visit YouTube. Plaintiff also has a right to rely on the fact that YouTube raised no objections to Plaintiff's postings for several years until it determined that the postings did not provide content which YouTube deemed to be "advertiser friendly". Even though Plaintiff's postings do not violate YouTube's content restrictions and do not encourage or promote violent or dangerous acts that have an inherent risk of serious physical harm or death, YouTube terminated Plaintiff's YouTube account citing such a violation. YouTube's denial of Plaintiff's right and ability to speak and express his views to the members of the public who use YouTube violates Plaintiff's basic right to speak freely. YouTube's unlawful conduct also violates unfair competition laws and the implied covenant of good faith and fair dealing.

29. Plaintiff has tried to work with YouTube to resolve its unfair and discriminatory termination of Plaintiff's YouTube account based on basic unfairness, breach of contract, and unlawful censorship. In response to Plaintiff's efforts, YouTube provided vague, non-applicable and contradictory information that has failed to advance the resolution of the dispute and has established YouTube's discriminatory violation of its own stated policies.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

9

30. Some of Plaintiff's videos that were struck by YouTube pertained to products which YouTube apparently determined were not "advertiser friendly" even though these products have been 100% legal for many years and even though Plaintiff's YouTube platform reflected, among other things, videos about these products for several years prior to Plaintiff's termination.

31. Many of the videos YouTube struck from Plaintiff's channel were completely benign and included such topics as:

- "The Easiest Way to Get an Extra 100+ Grams of Protein in Per Day"
- "Cardio 101 – The Best Way to Do Cardio to Get Shredded"
- "How Fast Can You Lose All Your Gains"
- "Enhanced Athlete Slin Insulin Mimetic Supplement Review (New Formula)"
- "Jeremy Fragrance Review Contest 2017"

When confronted with Plaintiff's inquiry as to why these videos were struck, YouTube provided an evasive, non-applicable cut-and-paste response that the videos were deemed to be "promoting violent or dangerous acts that have an inherent risk of serious physical harm or death." Nothing could be further from the truth. Rather, YouTube's purge has nothing to do with whether or not a video violates the Community Guidelines and has everything to do with whether or not YouTube has arbitrarily decided that the subject matter of the video content is not "advertiser friendly" – a decision made for YouTube's sole benefit and to Plaintiff's severe detriment.

32. When Plaintiff became aware that YouTube was purging content by applying an unstated, but obvious, "advertiser friendly" criteria to certain YouTube accounts, in an effort to preserve his channel and his livelihood, Plaintiff immediately took significant steps

to revise his YouTube channel to insure it would be deemed "advertiser friendly" even though the videos had been on the platform for several years without generating any concern from or censorship by YouTube. In an abundance of caution, Plaintiff deleted certain videos just to be sure the guidelines were met. Despite Plaintiff's efforts, and even after certain videos had been deleted, YouTube deemed those deleted videos objectionable and struck them. YouTube has a policy of terminating any account for which three or more Community Guideline strikes are received within a three-month period. Because YouTube struck videos Plaintiff had already deleted, Plaintiff's account was subject to the "three strikes in three-months" termination policy and YouTube permanently terminated Plaintiff's YouTube channel even though the videos YouTube objected to had already been removed. YouTube sent Plaintiff the following notice:

> We'd like to inform you that due to repeated or severe violations of our Community Guidelines, your YouTube account More Plates More Dates has been suspended.
> . . . . . .
> Please be aware that you are prohibited from accessing, possessing or creating any other YouTube accounts.

In other words, YouTube has permanently banned Plaintiff from participating as a YouTube content creator for alleged violations which never actually occurred. Plaintiff remedied potential YouTube concerns about certain of Plaintiff's videos when Plaintiff deleted them from his channel before YouTube even complained about them. YouTube strikes as to those videos took place after the video had already had been voluntarily deleted by Plaintiff. It is noteworthy that these same videos appeared on Plaintiff's channel for months, if not years, without any concern from YouTube until YouTube began its "advertiser friendly" purge. Clearly, YouTube is attempting to silence Plaintiff and prevent

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
11

him from communicating with the public and his followers on certain potentially controversial, but perfectly legal and non-offensive. topics.

33. Further, prior to being terminated and in an effort to be compliant and to maintain his standing as a YouTube content creator and account holder, Plaintiff sought guidance from YouTube on the steps he should take to comply to YouTube's expectations over and above complying with the written Guidelines. Rather than receiving the cooperation and assistance from YouTube one would expect, YouTube refused to provide any helpful guidance and instead engaged in a pattern of deceptive and evasive communication which ignored Plaintiff's pleas for assistance. YouTube's conduct failed to comport with its own guidelines and was designed to eliminate certain content creators so as to arbitrarily cleanse the YouTube platform of video content it deemed not "advertiser friendly" and to blatantly censor channels in direct violation of its own guidelines. Content creators, such as Plaintiff, were terminated without a truthful explanation and without being given the opportunity to comply with YouTube's requirements.

34. For many years, YouTube promoted and encouraged content creators such as Plaintiff to devote countless hours and to invest substantial resources in developing, building and maintaining YouTube channels and cultivating followers as these efforts had a direct effect on the growth and success of YouTube itself. However, years of effort by Plaintiff and others similarly situated were destroyed and livelihoods wiped out in the blink of an eye when YouTube decided that its own receipt of advertising revenue was more important than allowing video content that had been acceptable for many years to continue to appear on the YouTube platform. In short, YouTube willingly sacrificed the very existence of its content creators for its own financial advantage.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
12

## FIRST CAUSE OF ACTION

### (Unfair Competition)

35. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 34 above.

36. Defendants have committed acts of unfair competition by engaging in the practices described above.

37. Defendants' policies and practices, and their application of same to Plaintiff, constitute unlawful, unfair and/or fraudulent business acts or practices. These actions are likely to and do mislead the public about YouTube and its videos; about Plaintiff and his videos; and about content creators and advertisers. YouTube viewers trust and rely on Defendants for an open marketplace of ideas, expression, and information. Viewers erroneously rely on YouTube and expect it to use fair, transparent means to restrict or terminate videos and believe that when such a termination occurs it is done because those videos are truly and in good faith deemed inappropriate for viewing and are actually violative of YouTube's Community Guidelines. The viewers have been misled by YouTube and are unaware of its actual motivation in restricting videos and terminating accounts.

38. The public does not benefit and is deliberately misled when YouTube imposes restrictions on content for its own financial purposes and not because the content violates the published Community Guidelines or is otherwise improper. To the extent any utility in Defendants' arbitrarily applied policies did exist, that usefulness is significantly outweighed by the harm imposed on YouTube consumers and the general public. Defendants have alternatives to this conduct that would be less harmful to the public but these alternatives are not adopted because they do not provide Defendants with the same level of financial reward as they receive from their current conduct.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

13

39. As a direct and proximate result of the foregoing, Plaintiff has suffered and will continue to suffer immediate and irreparable injury, including lost income, loss of followers, and damage to brand, reputation and goodwill, for which there exists no adequate remedy at law.

40. Defendants' wrongful actions were taken with oppression, fraud and/or malice.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

41. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 40 above.

42. Plaintiff and Defendants had an agreement in which Defendants agreed to provide YouTube access, hosting, streaming, and advertising services to Plaintiff. This agreement was reflected in YouTube's Terms of Use and its Community Guidelines – both of which were deliberately crafted to give Defendants vague, unfettered, and unilateral discretion to remove content and terminate accounts for any reason or no reason as Defendants see fit.

43. Implied in the agreement between Plaintiff and Defendants is the implied covenant of good faith and fair dealing. This is particularly true because Defendants assumed unilateral and unfettered discretionary control over virtually every aspect of their relationship with Plaintiff and because Defendants have exercised that control at their whim, repeatedly and without fair notice to Plaintiff and without giving Plaintiff the opportunity for meaningful discussion or appeal. To the extent these discretionary powers are valid, Defendants are obligated to exercise them fairly and in good faith.

44. Plaintiff did all or substantially all of the things required under his agreement with Defendants. None of Plaintiff's videos, including those YouTube struck which lead up to the

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
14

termination of Plaintiff's YouTube account, were ever in violation of the letter or spirit of the Terms of Use or Community Guidelines. And, once Plaintiff was aware of YouTube's "advertiser friendly purge", to the extent there was even the slightest suggestion that a video may possibly be considered improper, Plaintiff voluntarily deleted that video far in advance of YouTube striking it. In other words, YouTube terminated Plaintiff's account based on videos that had properly been on his channel for months, if not years, after those previously acceptable videos had already been deleted by Plaintiff.

45. Defendants were bound by the implied covenant of good faith and fair dealing in the agreements, terms and policies, not to engage in any acts, conduct or omissions that would impair or diminish Plaintiff's rights and the benefits of his agreements with Defendants. Pursuant to the terms of those agreements, Plaintiff was entitled to have equal access to a wide audience to promote his messages and products. Instead, by their acts and omissions stated herein, Defendants intentionally and tortuously breached the implied covenant of good faith and fair dealing by destroying Plaintiff's right to receive the benefit of his agreement with Defendants and thereby completely disrupting Plaintiff's communication with his followers and eliminating Plaintiff's livelihood.

### THIRD CAUSE OF ACTION

### (Lanham Act – 15 U.S.C. § 1125 et seq.)

46. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 45 above.

47. Defendants are engaged in interstate commerce and competition through hosting, creating, advertising and soliciting and receiving revenue for advertising and video streaming services. Defendants also compete with content creators, like Plaintiff, in the market of online video streaming by creating, hosting and promoting their own video content.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

15

48. Defendants engage in a pattern and practice of knowingly misleading and deceptive advertisement and unfair competition. Defendants advertise YouTube as a forum for open expression by diverse speakers while unilaterally terminating those whose posts may be somewhat controversial. Defendants unfairly and deceptively misrepresent the nature, characteristics, and qualities of YouTube's services and commercial activities as an equal and diverse public forum. Defendants likewise unfairly enhance the image and goodwill of their content while degrading and ultimately terminating content creators like Plaintiff and by harming Plaintiff's reputation by suggesting that Plaintiff's videos were terminated because they violated guidelines preventing "conduct that encourages or promotes violent or dangerous acts that have an inherent risk of serious physical harm or death."

49. Defendants' false representations and unfair competition deceive substantial segments of YouTube audiences, including content creators like Plaintiff, viewers and advertisers, who are induced to traffic and do business with YouTube and to view particular videos. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer, immediate and irreparable injury including loss of followers, loss of and eventual elimination of revenue, loss of sponsorships and damage to Plaintiff's brand, reputation and goodwill.

50. Defendants' wrongful actions were taken with oppression, fraud and/or malice. Plaintiff has repeatedly tried to work with Defendants to remedy the situation and Defendants have repeated refused to reconsider their arbitrary termination of Plaintiff's YouTube account. Defendants have never articulated any justifiable reason for Plaintiff's termination and have refused to consider any evidence Plaintiff has presented to demonstrate that his videos are educational, informational and worthy and do not come close to violating any guidelines or standards established by YouTube or otherwise.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

51. Plaintiff re-alleges and incorporates by reference herein all of the facts and allegations contained in Paragraphs 1 through 50 above.

52. An actual controversy exists between Plaintiff and Defendants as to whether Defendants' policies and procedures and their application thereof have damaged Plaintiff and violated his rights as described herein.

53. Unless the court issues an appropriate declaration of rights, the parties will not know whether Defendants' policies and procedures comply with the law and there will continue to be disputes and controversy surrounding Defendants' policies and procedures and the application thereof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as set forth below:

1. For a declaratory judgment that the unilateral policies and procedures utilized by Defendants in terminating YouTube accounts for guideline violations have violated and continue to violate Plaintiff's rights and cause Plaintiff damage;

2. For an injunction requiring Defendants to cease and desist from capriciously restricting, striking and otherwise censoring Plaintiff's YouTube videos and terminating Plaintiff's YouTube account based on unfettered discretion or the use or application of arbitrary, capricious, vague, unspecified, subjective and/or non-applicable criteria guidelines;

3. For compensatory damages in an amount to be proven at trial;

4. For punitive and exemplary damages in an amount to be proven at trial;

5. For restitution of financial losses or harm caused by Defendants' conduct in an amount to be proven at trial;

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT
17

6. Attorney's fees and costs of suit;

7. For such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues of law so triable.

Dated: 6/7/2018

_____
Derek Coles, Plaintiff in Pro Se